IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES E. ROSS | § | |
| v. | § | CIVIL ACTION NO. 6:09cv268 |
| GUY SMITH, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DISMISSING DR. OWEN MURRAY

The Plaintiff Charles Ross, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Ross says that all of his teeth were removed in 1987 as a result of an industrial accident. Since that time, he has worn dentures, but when he was arrested, his wife threw his dentures away.

Ross says that he first asked for dentures from the Michael Unit dental clinic in 2008. The kitchen was ordered to provide him with a blended diet, but Ross says that they have not done so. He began to suffer "great pain and bleeding" from trying to chew food in the short time that prisoners are given to eat, so he began to lose weight and saw a physician named Dr. Thompson, who made an emergency referral to the dental department for dentures. In October of 2008, Ross says, he saw Dr. Langston, who said that he would refer Ross to the "dental utilization / quality review committee," also called the DUQRC, for denture approval. In January of 2009, he asked about the result of this referral, but was told that there was no receipt for the request for dentures. Another referral was made with a March 2009 date for decision, but apparently Ross heard nothing; in May

1

of 2009, he asked Dr. Langston about his dentures, and Dr. Langston said that Ross would have file a lawsuit if he wanted dentures.

Ross attaches a copy of a Step Two grievance to his complaint. This grievance says that he saw Dr. Thompson on June 20, 2008, and that the doctor said that his dental need was a "priority 3 emergency." He says that the request was supposedly sent to the committee in October of 2008, but he was told in December that nothing yet had been heard on the matter. The response to the grievance was that the case had been submitted to the DUQRC and word had not yet been received as to whether Ross was approved or not for dentures. The grievance said that the review date would be March of 2009.

The original named Defendants, Dr. Langston and Guy Smith, were ordered to answer the lawsuit and did so. On August 2, 2010, these Defendants filed their motion for summary judgment. This motion was granted on March 4, 2011, and the Defendants Dr. Langston and Guy Smith have been terminated.

Dr. Murray filed his motion for summary judgment on February 7, 2011. In this motion, Dr. Murray said that he has never examined or treated Ross, and that he had no familiarity with Ross before the lawsuit was filed; in fact, Dr. Murray says, he is not a dentist. His only involvement with dentures was his participation in the formulation of the current policy.

Dr. Murray noted that the denture policy has been upheld as constitutional by the Eastern District of Texas. He stated that the summary judgment evidence shows that Ross was evaluated by the committee on March 25, 2009, and that the committee could not find that he was eligible for dentures under the policy. However, Dr. Murray again said that he personally was not involved at all in Ross' treatment or the determination of whether or not he would receive dentures, but simply assisted in the formulation of the policy.

After review of the parties' pleadings, the Magistrate Judge issued a Report on August 15, 2011, recommending that Dr. Murray's motion for summary judgment be granted. After reviewing the facts and the summary judgment standards, the Magistrate Judge stated that Ross averred that

he recently learned that Dr. Murray was the "top of the chain of command" with respect to dental care, and that this is why Dr. Murray was named in the lawsuit. The Magistrate Judge stated that while *respondeat superior* liability does not generally apply in Section 1983 cases, supervisors may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between wrongful conduct and a constitutional violation, or if the supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298, 300-01 (5th Cir. 1987). Dr. Murray was not personally involved with Ross' case and Ross made no showing that Dr. Murray acted wrongfully, much less that any such wrongful action was causally connected to a constitutional deprivation.

Thus, the Magistrate Judge said, Ross' claim against Dr. Murray relied on the third prong of supervisory liability, which is the implementation of an unconstitutional policy which is the moving force behind a constitutional deprivation. In this regard, the Magistrate Judge said, Ross failed to show that the denture policy itself was unconstitutional or amounted to a repudiation of constitutional rights. On the contrary, the denture policy at issue has been upheld by the Southern and Eastern Districts of Texas, both of which have held that the policy is not unconstitutional and that it is not so deficient that it acts as a deprivation of constitutional rights. Neilsen v. Langston, civil action no. 6:09cv408, 2011 WL 2149531 (E.D.Tex., May 31, 2011); Gibson v. Langston, civil action no. 6:10cv136, 2011 WL 42897 (E.D.Tex., January 6, 2011), Huffman v. Linthicum, civil action no. 4:06cv308 (S.D.Tex., dismissed January 29, 2009, no appeal taken) (opinion after remand); Foxworth v. Khoshdel, civil action no, H-07-3944, 2009 WL 3255270 (S.D.Tex., September 28, 2009) (no appeal taken).

With regard to claims for damages, the Magistrate Judge determined that Dr. Murray was entitled to qualified immunity. In so doing, the Magistrate Judge stated that Ross had failed to show that Dr. Murray had acted in a way which was objectively unreasonable in light of clearly established law, but instead that the only actions taken by Dr. Murray involved his participation in

3

the creation of a denture policy which the courts have held to be constitutional. The Magistrate Judge also concluded that Dr. Murray was entitled to Eleventh Amendment immunity to the extent that Ross sought monetary damages against him in his official capacity.

Ross filed objections to the Magistrate Judge's Report on August 25, 2011. In his objections, Ross states that in 2008 and 2009, he worked in the "prison industry enhancement program" and the policy-makers "adopted a policy to withhold a percentage of Ross' wages for food, clothing, housing, dental, and medical." Thus, he says, he believes that the Magistrate Judge allowed Dr. Murray, as a "policy-maker," to withhold money from his wages under false pretenses.

Ross points to a document which he filed on June 16, 2011, consisting of a contract for "voluntary agreement of participation - prison industry enhancement certification program." This document shows that as part of his employment in this program, Ross would receive wages, in the following allocation: 20 percent to his inmate trust account, of which up to half could be diverted to child support if ordered, with deductions for state and federal taxes; five percent to a crime victims program; 10 percent to court ordered restitution, if any; 20 percent to the support of his legal dependents; and the remainder to be applied to "room and board." He then attaches a number of pay stubs. The first of these, dated April 11, 2008, says that Ross worked 78 regular hours and six overtime hours, receiving $484.38 for the regular hours and $55.92 for the overtime, for a total of $540.30. This was divided up into the following codes: QTR, $224.98; CVF, $27.02; ITF, $108.06, and DEP, $108.06. Of these codes, CVF appears to stand for "Crime Victims Fund," ITF for "Inmate Trust Fund," and DEP for "dependents." Ross says that QTR, which would appear to stand for "Quarters," represents "living quarters, food, clothing, housing, medical and dental care." Thus, Ross contends in the letter attached to these documents that he has already paid for dentures through this program, and says that the withholding of dentures means that "money was withheld under false pretenses."

Nothing in the agreement furnished by Ross says anything about medical or dental care, much less that deductions from his wages will be applied directly to any specific medical or

4

dental needs. Nor do Ross' objections show that Dr. Murray had anything to do with the program providing for the wage deductions, or with the money that is deducted; in fact, the summary judgment evidence shows that Dr. Murray does not work for TDCJ, but rather the University of Texas Medical Branch. Ross does not address the Magistrate Judge's conclusion that Dr. Murray's sole involvement in this lawsuit was as someone who helped craft a policy which the courts have deemed constitutional; instead, he simply speculates that Dr. Murray "as policy maker, withheld money from plaintiff's wages under false pretenses."[1] Such speculative accusations cannot counter the Defendant's summary judgment evidence, particularly where the allegations have no support whatsoever in the record. *See* Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (plaintiff cannot meet his burden in opposing summary judgment by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence"). Nor do such allegations present valid objections to the Report of the Magistrate Judge. As such, Ross' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 72) is ADOPTED as the opinion of the Magistrate Judge. It is further

---

[1] Like the policy at issue in Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002), the prison's denture policy is facially constitutional. The Magistrate Judge noted that Ross' claim against Dr. Murray is related to the policy itself, not how this policy was applied to him. Ross' claim against Dr. Jerry Toole, the head of the Dental Utilization / Quality Review Committee, which incorporates his challenge to the application of TDCJ's denture policies to him, remains pending in this case and is not part of the present motion for summary judgment.

5

ORDERED that the Defendant's motion for summary judgment (docket no. 54) is GRANTED and that the claims against the Defendant Dr. Owen Murray are hereby DISMISSED from this lawsuit. Dr. Murray shall be terminated as a party to this case. The dismissal of the claims against Dr. Murray shall have no effect upon Ross' claims against Dr. Jerry Toole.

**SIGNED this 13th day of September, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE